UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

Civil Action No. _____

)
LAWRENCE M. FRANOWICZ, M.D.,        )
Captain, U.S. Army Reserve,         )
                                    )
        Petitioner                  )
                                    )
        V.                          )
                                    )
SECRETARY OF THE ARMY,              )
and COMMANDER,                      )
94th Regional Readiness             )
Command, Fort Devens,               )
Massachusetts,                      )
                                    )
                                    )
        Respondents.                )
_____ )

**05  11531  NG**

RECEIPT #_____
AMOUNT $___5.00_____
SUMMONS ISSUED___N/A_____
LOCAL RULE 4.1_____
WAIVER FORM _____
MCF ISSUED_____
BY DPTY. CLK.___M.P.____
DATE____7/20/2005_____

PETITION FOR A WRIT OF HABEAS CORPUS
AND FOR OTHER RELIEF

MAGISTRATE JUDGE_____JGD____

### Introduction

1. Lawrence M. Franowicz, M.D. (hereinafter referred
to as "Petitioner" or "Dr. Franowicz") seeks to enjoin
Respondents from ordering him to active duty in the U.S.
Army and reassigning him from Burlington, Vermont, to Fort
Sam Houston, Texas.  Petitioner has received orders to
report for active duty on July 22, 2005, despite the fact
that the Army received his conscientious objector
application for discharge on November 2, 2004 and has

1

failed to act on it and render a final decision to date. Furthermore, Dr. Franowicz seeks by mandamus to compel the U.S. Army to render a clear duty owed to him, namely to make a final decision with respect to his claim for discharge from the U.S. Army on grounds of conscientious objection and to do so in accordance with Army Regulation 600-43 (Conscientious Objection). In addition, Petitioner seeks release by way of habeas corpus from his active duty commitment on the basis that he is a conscientious objector to participation in war in any form (1-0 status).

2. Petitioner asserts herein that the Respondents have violated the Due Process Clause of the Fifth Amendment, Title 50 U.S.C. App. § 456 (j), Title 32 Code of Federal Regulations § 75 (Conscientious Objection), and Army Regulation 600-43 (Conscientious Objection).

## Jurisdiction

3. The jurisdiction of this Court is invoked pursuant to 28 U.S. Code §§ 2241 (Habeas Corpus), 1361 (Mandamus), and 1331 (Federal Question). This court has jurisdiction to issue a writ of habeas corpus and to grant relief as law and justice require under 28 U.S.C. §§ 2241(a), (c) (1), 2243, in that: a) the Petitioner is "in custody under or by color of the authority of the United States," because he is a commissioned officer in the United States Army Reserve;

2

b) The Petitioner's custodian, the respondents, are present within the territorial jurisdiction of this Court, c) the Petitioner has had meaningful contact with the Army within the jurisdiction of this Court, as described in ¶¶ 6, 9, 10, 33, 34, 35, 36, 37., and d) Petitioner has not had meaningful contact with Army officials in Vermont.

## The Parties

4. Lawrence M. Franowicz, M.D., is a resident of the State of Vermont, and lives in Burlington, Vermont. He is a medical doctor with a specialty in anesthesiology; he is also a captain in the U.S. Army Reserve and participant in the U.S. Army's Health Professions Scholarship Program.

5. The respondent Secretary of the Army, with offices located in Washington, D.C., is the civilian official responsible for the command and welfare of the Petitioner.

6. The Commander, 94th Regional Readiness Command, located at Fort Devens, Massachusetts, is the official responsible for exercising command and control of assigned units and individuals within his command's region, which includes Vermont. The respondent Secretary of the Army, through his agents, servants and employees, assigned the Commander, 94th Regional Readiness Command the responsibility for processing Petitioner's conscientious objector claim.

3

## Statement of Facts

7. In 1997 Petitioner joined the U.S. Army Health Professions Scholarship Program and was commissioned as an officer in the Army reserves.

8. Petitioner attended Tufts University School of Medicine, Boston, Massachusetts, from August 1997 until May 2001, graduating with a Medical Doctor degree.

9. During the time that Petitioner was studying at the Tufts University School of Medicine he was a recipient of an Army Health Professions scholarship.

10. During the four years (1997-2001) that Petitioner studied at the Tufts University School of Medicine, Petitioner served on active duty in the Army for approximately six months.

11. As a result of having participated in the Health Professions Scholarship Program, Petitioner, were he not a conscientious objector, would be required to serve on active duty in the Army for a period of four years.

12. On or about December 15, 2000 Petitioner was granted a delay to complete a four-year civilian graduate medical education training program in anesthesiology beginning on or about July 1, 2001.

13. Petitioner was assigned to the USAR Control Group Officer Active Duty Obligor (OADO), and was not required to

4

participate in reserve activities.

14. The Office of the Surgeon General of the Army was
designated by the respondent Secretary of the Army to
manage Petitioner's reserve service.

15. Petitioner attended postgraduate medical training
from 2001 to 2005, in Chicago, Illinois, and in Burlington,
Vermont at Fletcher Allen Health Care, University of
Vermont, Burlington, Vermont. Petitioner is qualified by
training as an anesthesiologist.

16. Petitioner completed his internship in surgery and
residency in anesthesiology at his own expense, without any
payment from the Army Health Professions Scholarship
Program. The last time that Petitioner received any pay
from the U.S. Army was in 2001, and the last time that
Petitioner served on active duty was in 2000.

17. On or about November 2, 2004, while a resident in
anesthesiology at the University of Vermont, Petitioner
submitted a request for discharge from the Army on grounds
of conscientious objection to participation in war in any
form (1-0 status). Appx. 15-30.[1]

18. Petitioner's application to the Army includes a
cover letter and 15 pages, single-spaced, in which

---

[1] The Petitioner's conscientious objector application, along with other
documents, is included in an appendix of exhibits to the memorandum in
support of this Petition. That appendix is hereinafter referred to by
page number as "Appx. __"

5

Petitioner explained the evolution and crystallization of his religious beliefs. Petitioner's conscientious objection is based upon his religious training and beliefs, his objection is to all war, and he is sincere in his objections. Appx. 1-3 (Hearing Officer's report, July 14, 2005), 5-6 (Chaplain's report). See also Appx. 9-14 (Letters attesting to Petitioner's sincerity).

19. Petitioner's claim for discharge was received by the Army on November 2, 2004, Appx. 31, and the same day the Army corresponded with the Petitioner by letter dated November 2, 2004 acknowledging receipt of the conscientious objector claim. Appx. 32.

20. Upon receipt of Petitioner's application for discharge, the U.S. Army delayed the processing of Petitioner's claim, while at the same time expeditiously processing Petitioner to enter active duty. Appx. 32-33 (dated the same day the Army received Petitioner's conscientious objector claim, Appx. 31); See also App. 34-36 (Pre-Accession Questionnaire filled out by Petitioner as required by Army officials); See Appx. 37-38, 46, 51-54, 76. The Army required that Petitioner expedite a Pre-Accession Questionnaire, other paperwork and a physical examination to enter active duty. Appx. 32-33.

21. Under Army Regulations, a conscientious objector

6

claim "begins with the soldier's request and ends when the soldier is notified of approval or disapproval." See Appx. 52.

22. After waiting nearly three and one-half months for a response from the Army concerning his application for discharge, Petitioner was shocked to receive a letter dated February 11, 2005 from the Army, Appx. 37-38, stating that to apply for discharge as a conscientious objector he would be required to submit his application for discharge (which Petitioner had already done, Appx. 15-30, and which had been received by the Army on November 2, 2004, Appx. 31).

23. Petitioner responded to the Army in correspondence dated February 26, 2005. Appx. 46 (letter from Petitioner), and Appx. 51-54 (letter from Petitioner's counsel dated February 26, 2005). Both letters were sent via Federal Express overnight delivery and received by the Army on February 28, 2005. Appx. 54A.

24. Petitioner believes and therefore avers that he was sent the Army correspondence dated February 11, 2005 (App. 37-38) in an attempt by the Army to alter the paper record so that it would appear that Petitioner had submitted his application to Army officials months after he actually had submitted it. See Appx. 51-53 (review of regulations by undersigned counsel in correspondence to the

7

Army pointing out that the various forms enclosed in the
Army's correspondence dated February 11, 2005, are not
required of Petitioner by Army regulations, and that the
purpose of a Form 4187 (applicable to active duty
applicants, and not Petitioner) is nonetheless to
"simplify" and "expedite" applications rather than to cause
delay.)

25. In Dr. Franowicz's correspondence dated February
26, 2005, Appx. 46, and that of undersigned counsel, Appx.
51-54, Petitioner pointed out the violations of regulations
he was being subjected to. He requested, among other
things, that any orders requiring that he report to active
duty be delayed to allow for processing of his claim for
discharge.  Petitioner further explained that his
application had been submitted to and received by the Army
on November 2, 2005 and he requested that the paper record
not be altered but instead reflect the November 2, 2005
date.

26. Unknown to Petitioner at the time, and only
discovered by petitioner on or about July 15, 2005,
internal Army memoranda wrongly and falsely state that
Petitioner submitted his claim for discharge from the Army
on March 1, 2005. Appx. 78-79.

27. The date that the Army received Petitioner's

application for discharge is important because under AR

600-43 (Conscientious Objection), Appx. 84-104, there are

time limitations concerning the Army's processing of a

conscientious objector claim. Appx. 89 (Para. 2-1)

("Applications from R[eserve] C[omponent] personnel will be

processed and forwarded to HQDA [Headquarters, Department

of the Army] within 180 days from the date submitted. … The

person's chain of command will ensure that the application

is processed expeditiously.") See also Appx. 78, 79

acknowledging the 180 day period. Here processing

requirements should have been completed by May 2, 2005 (180

days after submission on November 2, 2005), and long before

the filing of this Petition. Furthermore, in determining

sincerity of an applicant, the timing of the submission can

be taken into account.

28. Petitioner has never received a reply to his

correspondence and that of his counsel dated February 26,

2005 and found at Appx. 46, 51-54.

29. Frustrated at the delays in the processing of his

conscientious objector claim, on or about March 4, 2005

Petitioner sought the assistance of Senator Patrick Leahy,

U.S. Senator from Vermont.  Appx. 55.

30. From March 2005 to the present, Senator Leahy,

through members of his office staff, diligently requested

that the U.S. Army process Petitioner's claim for discharge in accordance with Army regulations. See Appx. 55-70 (emails from Senator Leahy's office to Petitioner and from Petitioner to Senator Leahy's office).

31. Despite Petitioner's and Senator Leahy's efforts, Petitioner has met with additional delay in the processing of his claim for discharge as a conscientious objector.

32. On June 3, 2005, the U.S. Army published active duty orders by sending a copy to Petitioner via email. Appx. 71. These orders are dated June 1, 2005, and require that Petitioner report for active duty in the U.S. Army at Fort Sam Houston, Texas on July 22, 2005. Appx. 72-74.

33. On or about April 6, 2005, the U.S. Army assigned the 94th Regional Readiness Command, Fort Devens, Massachusetts to process Petitioner's conscientious objector claim.  Appx. 79, See also Appx. 4, 1-3, 5-6.

34. On June 27, 2005, almost eight months after the Army received Petitioner's claim on November 2, 2004, Petitioner was finally interviewed by a military psychiatrist, Appx. 7-8, and by an Army chaplain at Fort Devens, Massachusetts, Appx. 5-6, as part of the processing of his conscientious objector claim as required by 32 C.F.R. 75, and Army Regulation 600-43.

35. On June 29, 2005, the Army Chaplain assigned by

10

the Army to conduct the chaplain's interview of Petitioner,
issued his report concerning Petitioner's conscientious
objector interview with him. The Army's chaplain, a
Colonel, found that Petitioner is sincere in his
conscientious objector beliefs. Appx. 5-6. ("It is evident
that CPT Franowicz is sincere in his beliefs.")

36. On July 1, 2005, a hearing was conducted pursuant
to Army Regulation 600-43 before a Hearing Officer from the
94th Regional Readiness Command, Fort Devens, Massachusetts.
Petitioner testified under oath, and submitted witness
testimony and documentary evidence on his behalf. Appx. 1-
3, 9-14.

37. The hearing officer found that Petitioner is
sincere in his conscientious objector beliefs, and
recommended that Petitioner's claim for discharge be
approved. Appx. 3 (" . . . I find that CPT Franowicz has
convinced me by clear and convincing evidence that he is
opposed to participation in war in any form. His objections
are sincere and are deeply held. His objections are to all
wars and are based upon religious belief. Appx. 2; "It is
my strong belief that CPT Franowicz has satisfied all of
the criteria for designation as a conscientious objector as
required by AR 600-43. After a complete review and analysis
of the entire record, I recommend that CPT Franowicz's

11

claim for discharge as a conscientious objector (1-0) be approved"). Appx. 3 [emphasis added].

38. Petitioner has always complied in good faith with Army processing requirements. See, e.g., Appx. 34-36.

39. Petitioner believes and therefore avers that Army officials, particularly in the Office of the Surgeon General, Graduate Medical Education Division, and at the U.S. Army Human Resources Command, Personnel Actions Branch, and others acting in concert with them, have acted in bad faith in intentionally delaying the processing of Petitioner's conscientious objector claim, in failing to reply to Petitioner's correspondence dated February 26, 2005, and in processing Petitioner to enter active duty in total disregard of his conscientious objector beliefs. See App. 76 (email dated June 10, 2005, from the Army's Office of the Surgeon General, Graduate Medical Education, to Army assignment personnel, inadvertently forwarded to Petitioner, marked "FOR ARMY EYES ONLY" and urging issuing of active duty orders and stating that the petitioner's claim for discharge "will not be resolved for an extremely long time".

40. Petitioner believes and therefore avers that the delays in processing his conscientious objector application have been occasioned by the Army's desire to bring him onto

12

active duty even though he is a conscientious objector to participation in war in any form, and even though his participation on active duty would cause Petitioner irreparable harm and disruption to the armed forces.

41. The substantial delay of more than eight months in the processing of Petitioner's claim for discharge is solely attributable to the respondents and their agents, servants, and employees.

42. Service on active duty is not in minimal practicable conflict with Petitioner's asserted conscientious objector beliefs, as is required by law.

43. Were Petitioner required to report to active duty, he would not be an asset to the armed forces, but would instead be a liability. As a conscientious objector (1-0 status), Petitioner does not intend to wear the uniform, accept military pay, or in any other way participate in war in any form.

44. The Petitioner would suffer irreparable harm by being required to report for active duty.

45. There exists a high likelihood, if not a certainty, that Petitioner, were he required to report to active duty, would end up in military prison.

46. As of the date of the filing of this Complaint, the Army has only belatedly begun processing Petitioner's

13

claim for discharge in accordance with Army Regulation 600-43.

47. Army officials have failed to change or amend or rescind Petitioner's active duty orders until after a final decision is made on his conscientious objector application.

## Exhaustion of Remedies

48. Petitioner has exhausted his administrative remedies. The eight month delay in this case, and coupled with the publication of active duty orders by the Army on or about June 1, 2005, months after receipt of Petitioner's claim for discharge on November 2, 2004, is tantamount to a final, adverse decision, contrary to regulations and Due Process, on Petitioner's claim for discharge as a conscientious objector (1-0 status).

49. Furthermore, to exhaust administrative remedies under Army Regulation 600-43, that is, to obtain a final agency decision under the regulation as required by Army Regulation 600-43, would be impossible, futile, and impractical to do before Petitioner's reporting date of July 22, 2005 -- all this is totally attributable to the inordinate administrative delays in this case created by the U.S. Army.

14

## Count One

### Habeas Corpus

50. Petitioner is a conscientious objector to participation in war in any form (1-0 status) and therefore should be released from military custody. Petitioner has made out a prima facie case for discharge from the Army, and the military has no basis in fact upon which to deny his claim for discharge. To the contrary, the Army Chaplain and the Army hearing officer found that Petitioner is sincere in his conscientious objector beliefs, that his beliefs are based upon religious training and belief, that he objects to participation in war in any form; and the hearing officer recommended discharge from the military (1-0 status). Appx. 1-3, 5-6.

## Count Two

### Mandamus

51. The facts enumerated above demonstrate that the respondents and their agents, servants, and employees have failed to provide to Petitioner a clear legal duty owed to him to render a final decision on his conscientious objector claim in accordance with Army Regulation 600-43 and 32 CFR 75.

## Count Three

### Fifth Amendment

52. The facts enumerated above demonstrate that the Respondents and their agents, servants, and employees have violated the Due Process Clause of the Fifth Amendment to the U.S. Constitution in that the Army has delayed the processing of Petitioner's claim for discharge for a period of more than eight months, which is tantamount to denial of Petitioner's conscientious objector claim, all without basis in fact.

53. Furthermore, it is arbitrary, capricious, and in violation of the Fifth Amendment to order Petitioner to active duty even though the Army has yet to make a final decision on his conscientious objector claim in accordance with Due Process, 32 CFR 75, and Army Regulation 600-43, and has instead engaged in delay in violation of Army Regulation 600-43.

## Count Four

### Violations of Regulations

#### 32 Code of Federal Regulations Part 75

54. The facts enumerated above demonstrate that the respondents and their agents, servants, and employees have violated Title 32, Code of Federal Regulations Part 75. Among other things, 32 C.F.R. 75 provides:

16

> To the extent practicable under the
> circumstances, during the period applications
> are being processed and until a decision is
> made by the headquarters of the service
> concerned, every effort will be made to
> assign applicants to duties within the
> command to which they are assigned which will
> conflict as little as possible with their
> asserted beliefs.

32 C.F.R. 75.6 (h)(2004) [emphasis added].

## Count Five

## Violation of Army Regulations

55. The facts enumerated above demonstrate that the

respondents and their agents, servants, and employees have

violated Army Regulations, including but not limited to

Army Regulation 600-43 (Conscientious Objection). Among

other things, this regulation provides as follows:

> ¶ 2-10a Use, assignment, and training [of
> applicants for conscientious objector
> status]
>
> a. Except as provided in b below [not
> applicable here], persons who have
> submitted applications . . . will be
> retained in their unit and assigned
> duties providing minimum practical
> conflict with their asserted beliefs,
> pending a final decision on their
> applications. Reassignment orders
> received after the submission of an
> application will be delayed until the
> approval authority makes a final
> determination. [Emphasis added.]

Army Regulation 600-43, ¶ 2-10a. Appx. 92.

17

## Equity

55. The Petitioner has no plain, adequate, or complete remedy at law to redress the wrongs described herein. Petitioner has been and will continue to be irreparably injured by the conduct of the respondents unless the Court issues a writ of habeas corpus, a writ of mandamus and grants the injunctive relief which Petitioner seeks.

## Relief Requested

WHEREFORE, Petitioner prays that this Honorable Court:

a. Issue a writ of habeas corpus, to be directed to the Commander, 94th Regional Readiness Command, Fort Devens, Massachusetts, or any other appropriate official, to show cause, if any, for Petitioner's continued custody in the U.S. Army.

b. Issue a temporary restraining order, preliminary injunction, and permanent injunction which prohibits and restrains and enjoins the respondents, their successors in office, agents, and employees and other persons in active concert with them from ordering Petitioner to active duty, pending resolution of Petitioner's status as a conscientious objector in accordance with Army Regulation 600-43.

c. Issue a writ of mandamus, requiring that the respondents, their servants, employees, and persons acting

in concert with them, render a final decision on
Petitioner's claim for discharge from the U.S. Army in
accordance with Army Regulation 600-43.

d. That this Court order the award of counsel fees and
costs, in accordance with the Equal Access to Justice Act,
and any other applicable law.

e. That this Court order such other relief as this
court may deem just and proper.

Respectfully submitted,

LAWRENCE M. FRANOWICZ, M.D.

By his attorney,

Louis P. Font

LOUIS P. FONT
Mass. Bar No. 173940
FONT & GLAZER
62 Harvard Street
Suite 100
Brookline, MA 02445
(617) 739-2300 (office)
(617) 739-6196 (fax)

Dated: July 19, 2005

19

## VERIFICATION

I, LAWRENCE M. FRANOWICZ, M.D., pursuant to Title 28, U.S.C. § 1746, verify under penalty of perjury that the following is true and correct:

1.  I am the Petitioner in the foregoing Petition for a Writ of Habeas Corpus and for Other Relief.

2.  I have read the foregoing petition and know the contents thereof, and the petition is true and correct of my own knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

LAWRENCE M. FRANOWICZ, M.D.

20

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the within Petition for a Writ of Habeas Corpus and For Other Relief was served upon the Office of the United States Attorney, John Joseph Moakley U.S. Courthouse, Suite 9200, 1 Courthouse Way, Boston, Massachusetts 02210 by hand on the 20th day of July 2005.

Louis P. Font
_____
LOUIS P. FONT

21

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Lawrence Franowicz, M.D.

**(b)** County of Residence of First Listed Plaintiff  Chittendon County, Vermont
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Louis Font  62 Harvard St  #106
Font & Glazer  Brookline, MA 02445

## DEFENDANTS
Secretary of the Army

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
U.S. Attorney
DOJ

05 11531 NG DPW

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / PERSONAL PROPERTY ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☒ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 2241
Brief description of cause:
Petition for release from military custody.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions:) NONE
JUDGE  Louis P. Font
DOCKET NUMBER

DATE 7/20/05
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) _____

    _Franowicz_ v. _Secretary of the Army_

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

    ___    I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    ___    II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
                 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

    ___    III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                 380, 385, 450, 891.

    ⊠     IV.   220, 422, 423, 430, 460, 480, 490, 510, (530,) 610, 620, 630, 640, 650, 660,
                 690, 810, 861-865, 870, 871, 875, 900.

    ___    V.    150, 152, 153.

    **05    11531  NG**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    _None_ _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

    YES ☐    NO ⊠

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)

    YES ☐    NO ⊠

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

    YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

    YES ☐    NO ⊠

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

    YES ⊠    NO ⊠

    A.    If yes, in which division do all of the non-governmental parties reside?

          Eastern Division ☐        Central Division ☐        Western Division ☐

    B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

          Eastern Division ☐        Central Division ☐        Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

    YES ☐    NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME _LOUIS P. FONT_____

ADDRESS _FONT & GLAZER, 62 Harvard St, #100, Brookline, MA 02445_

TELEPHONE NO. _(617) 739-2300_____

(CategoryForm.wpd -5/2/05)