UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

Civil Action No.

| | |
|---|---|
| LAWRENCE M. FRANOWICZ, M.D., Captain, U.S. Army Reserve,<br><br>    Petitioner<br><br>V.<br><br>SECRETARY OF THE ARMY, and COMMANDER, 94th Regional Readiness Command, Fort Devens, Massachusetts<br><br>    Respondents. | 05 11531 NG |

PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF
PETITION FOR A WRIT OF HABEAS CORPUS AND FOR OTHER RELIEF

1. This court has jurisdiction to grant a writ of habeas corpus whenever the Petitioner is "in custody under or by color of the authority of the United States," 28 U.S.C. Sec. 2241 (c)(1), and a custodian of the Petitioner is present within the territorial jurisdiction of the Court. Schlanger v. Seamans, 401 U.S. 487 (1971).

2. The federal courts have jurisdiction to entertain Petitions for Writ of Habeas Corpus brought by members of

1

the Armed Forces. Parisi v. Davidson, 405 U.S. 34 (1972); Strait v. Laird, 406 U.S. 341 (1972); Hager v. Secretary of the Air Force, 938 F.2d 1449, 1462 (1st Cir. 1991); Lobis v. Secretary of the Air Force, 519 F.2d 1449 (1991); Reynolds v. Windall, 1997 WL 258605 (D. Mass. 1997); Leonard v. Department of the Navy, 786 F. Supp. 82 (D. Me 1992). In the case of an inactive military reservist, habeas jurisdiction lies with the court in the district in which the applicant has meaningful contact with the military. Strait, supra.

3. The federal district courts have jurisdiction to issue writs of mandamus directed to a secretary of a military service or other military official to perform a legal duty owed to a member of the service. 28 U.S.C. § 1361. See, e.g., Jones v. Alexander, 609 F. 2d 778 (5th Cir. 1980), rehearing denied 613 F. 2d 314, cert. den. 449 U.S. 832 (1980). Mandamus is applicable where a member of the armed forces seeks to compel compliance with a military regulation. Nixon v. Secretary of the Navy, 422 F.2d 934, 937 (2d. Cir. 1970).

4. A substantial delay attributable to the military in the processing of an application for discharge may excuse an applicant from exhausting administrative remedies, especially where exhaustion would cause the applicant

irreparable harm. See Withum v. O'Connor, 506 F. Supp. 1374, 1377 (D. P.R. 1981) (in view of the Navy's administrative delay of five months in processing a discharge application, the district court did not require further exhaustion, and habeas corpus relief was granted). In the instant case, the delay is more than eight months.

5. A delay in issuing a final decision in response to a petition for discharge may be viewed by a district court as tantamount to denial and excuse a reservist's failure to exhaust administrative remedies within the military before seeking habeas corpus. See Jones v. Watkins, 422 F. Supp. 1268, 1274 (D.C. Ga. 1976)(". . . [I]n view of the delays that have already been experienced by petitioners with respect to their applications for discharge, it is evident that petitioners would be subject to irreparable injury and hardship in having to report for induction pending administrative review, and that habeas corpus relief affords a much speedier and more effective remedy. [citation omitted]).

6. District courts in this circuit have granted injunctive relief to prevent a member of the military service from being ordered to active duty while his conscientious objector discharge claim is pending. See, e.g., Walshe v. Toole, 663 F.2d 320, 321 (1st Cir. 1981).

3

7. The right of a service member for release from an active duty obligation on the basis of conscientious objection is premised upon statute, Department of Defense and Army regulations, and case law. 50 U.S.C. App. § 456 (j); <u>Witmer v. United States</u>, 348 U.S. 375 (1955); <u>Sicurella v. United States</u>, 348 U.S. 385 (1955); 32 C.F.R. § 75 (1989), and Army Regulation 600-43.

8. The U.S. Army is required by law to follow its own lawfully promulgated regulations. <u>Strait v. Laird</u>, 406 U.S. 341, 354 (1972), citing <u>Service v. Dulles</u>, 353 U.S. 363, 388 (1957) and <u>Vitarelli v. Seaton</u>, 359 U.S. 535 (1959).

9. Under Army Regulation 600-43, Petitioner may not be assigned for active duty in circumstances such as these. Petitioner submitted his claim for conscientious objector status on November 2, 2004, and his orders to active duty were not published until on or about June 1, 2005. Army Regulation 600-43, ¶ 2-10e.

Furthermore, under the regulation, "Reassignment orders received after the submission of an application will be delayed until the approval authority makes a final determination." AR 600-43, ¶ 2-10a.

        Respectfully submitted,

        LAWRENCE M. FRANOWICZ, M.D.

        By his attorney,

*Louis P. Font*
LOUIS P. FONT
Mass. Bar No. 173940
FONT & GLAZER
62 Harvard Street
Suite 100
Brookline, MA. 02445
(617) 739-2300 (office)
(617) 739-6196 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the within Memorandum was hand delivered to the Office of the United States Attorney, John Joseph Moakley U.S. Courthouse, Suite 9200, 1 Courthouse Way, Boston, Massachusetts 02210 on the 20th day of July 2005.

*Louis P. Font*
LOUIS P. FONT