UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

Civil Action No.

| | |
|---|---|
| LAWRENCE M. FRANOWICZ, M.D., <br><br>Captain, U.S. Army Reserve, <br><br>    Petitioner <br><br>v. <br><br>SECRETARY OF THE ARMY, and COMMANDER, 94th Regional Readiness Command, Fort Devens, Massachusetts <br><br>    Respondents. | TRO APPLICATION WITH CERTIFICATE OF NOTICE <br><br><br><br>**05 11531 NG** |

PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER

Now comes Lawrence Franowicz, M.D., the Petitioner in the above-referenced case, and pursuant to Rule 65(b) of the Fed.R.Civ.Pr., respectfully moves that this Court issue a temporary restraining order enjoining the Respondents and their officers, agents, servants, employees, and attorneys from ordering Petitioner to active duty pending decision on a preliminary injunction or until such other time as ordered by the Court.

1

Petitioner is an inactive reservist residing in Vermont who is under orders to enter active duty and report for duty at Fort Sam Houston, Texas, in San Antonio, Texas on July 22, 2005. Appx. 72-73[1] (orders to active duty); Pet. ¶¶[2] 4, 11, 32.

This motion should be granted to maintain the status quo while Petitioner's claims on the merits are litigated, and to preclude irreparable injury to Petitioner.

It would cause Petitioner irreparable injury if he is required to report for duty at San Antonio, Texas, on July 22, 2005. This is because Petitioner is a conscientious objector to participation in war in any form (1-0 status). On July 22, 2005, Petitioner, if he is required to report for duty, would be subjected to military orders which in good conscience he cannot follow, and therefore on that date, and thereafter, he would be subjected to disciplinary action, orders that are contrary to his religious convictions, and he would undoubtedly be subjected to court-martial or other disciplinary action for violating orders or engaging in other infractions. It has been almost five years since Petitioner served on active duty, and in

---

[1] References to "Appx. __" are to pages of Petitioner's Appendix to Petitioner's Memorandum of Law in Support of Petition for a Writ of Habeas Corpus and for Other Relief.

[2] References to "Pet. ¶__" are to paragraphs in Petitioner's verified Petition for Writ of Habeas Corpus and for Other Relief.

the interim Petitioner has had a religious conversion such that he can no longer participate in the military. See Appx. 15-30, 1-3, 5-6, Pet. ¶¶ 17,18, 35-37. Petitioner's religious beliefs do not allow him to wear a military uniform, accept military pay, perform military duty, or otherwise to participate in war in any form. Pet. ¶¶ 42-45. Subjecting Petitioner to disciplinary action under the circumstances of this case constitutes irreparable injury.

Furthermore, this motion should be granted because Petitioner enjoys substantial likelihood of success on the merits of his claims. The recent reports issued by an Army-selected Chaplain and an Army-selected Hearing officer conclude that Petitioner is sincerely a conscientious objector, Appx. 1-3, 4-5, Pet. ¶¶ 35-37, and recommend Petitioner's discharge from the military as a conscientious objector (1-0 status). Appx. 3; Pet.¶ 37. These documents prove that Petitioner enjoys a substantial likelihood of success on the merits: the military has no basis in fact for denial of Petitioner's claim, and instead has before it the results of the Army's own officials who attest to Petitioner's religious convictions and to his qualification for discharge under all criteria found in Army Regulation 600-43. Appx. 3.

Furthermore, it is contrary to the public interest and

3

disruptive of the Armed Forces to compel Petitioner, a conscientious objector, to report to active duty in the military.

In addition, the reason why this motion is brought on this date, less than 72 hours before Petitioner is required to be present in Texas, is because of delay created by Army officials, as is delineated in the verified Petition. Pet. ¶¶ 20, 22-26, 28, 29-31, 46; Appx. 80-83. Petitioner filed his claim for discharge from the Army on November 2, 2004, and it was only recently, on June 27, 2005 that Petitioner was interviewed by a Chaplain, and on July 1, 2005, that a hearing was held on Petitioner's conscientious objector claim. Under Army Regulation 600-43, the processing of Petitioner's claim should have been completed by May 2, 2005 (180 days after November 2, 2005), but the requisite hearings and interviews were delayed through no fault of the Petitioner.

In addition, any potential harm to the military by the granting of this motion is de minimis, if any. Petitioner, were he required to report, would not participate in war in any form, and would not be an asset to the armed forces but rather would be a legal and administrative burden.

In support of this motion, Petitioner relies upon Petitioner's Verified Petition for a Writ of Habeas Corpus

4

and For Other Relief, the Memorandum in Support thereof, and the attached Petitioner's Memorandum in Support of Petitioner's Motion for a Temporary Restraining Order.

WHEREFORE, Petitioner prays that this Honorable Court:

1) Issue a temporary restraining order to maintain the status quo pending further resolution of this case, and pending a decision following a hearing on Petitioner's prayer for a preliminary injunction. The Petitioner requests that this Court enjoin the Respondents and their officers, agents, servants, employees, and attorneys from ordering Petitioner to active duty pending hearing on a preliminary injunction or until such other time as ordered by the Court.

2.) Grant such other relief as is just.

Respectfully submitted,

LAWRENCE M. FRANOWICZ, M.D.

By his attorney,

*Louis P. Font*

LOUIS P. FONT
Mass. Bar. No. 173940
FONT & GLAZER
62 Harvard Street
Suite 100
Brookline, MA. 02445
(617) 739-2300 (office)
(617) 739-6196 (fax)

<u>CERTIFICATE OF SERVICE AND NOTICE OF HEARING
PURSUANT TO FED.R.CIV.P.65(b)</u>

I hereby certify that notice of this motion was made to the adverse parties by serving a copy of the within motion upon the Office of the United States Attorney, John Joseph Moakley U.S. Courthouse, Suite 9200, 1 Courthouse Way, Boston, Massachusetts 02210 by hand on the 20th day of July 2005, and that I provided written notice, by way of this Certificate, and oral notice, that this motion will be heard before this Court as soon as the Court may schedule a hearing on this emergency motion.

*Louis P. Font*