UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

Civil Action No.

| | |
|---|---|
| LAWRENCE M. FRANOWICZ, M.D., Captain, U.S. Army Reserve,<br><br>    Petitioner<br><br>v.<br><br>SECRETARY OF THE ARMY, and COMMANDER, 94th Regional Readiness Command, Fort Devens, Massachusetts<br><br>    Respondents. | 05 11531 NG |

PETITIONER'S MEMORANDUM IN SUPPORT OF
PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER

Petitioner more than meets the legal standard for the granting of a temporary restraining order.

I. Legal Standard

The purpose of a temporary restraining order is to prevent a threatened wrong or injury until merits of the complaint can be addressed. A petitioner must satisfy four criteria in order to be entitled to injunctive relief: (1) that petitioner will suffer irreparable injury if the

1

injunction is not granted, (2) that such injury outweighs any harm which granting injunctive relief would inflict on the respondent; (3) that petitioner has exhibited a likelihood of success on the merits; and (4) that the public interest will not be adversely affected by the granting of the injunction. <u>Planned Parenthood League of Massachusetts v. Bellotti</u>, 641 F.2d 1006, 1009 (1st Cir. 1981) <u>quoting</u>, <u>Women's Community Health Center, Inc. v. Cohen</u>, 477 F. Supp. 542, 544 (D. Me. 1979); <u>Garcia v. I.N.S.</u>, 2002 WL 1889172 (D.R.I. 2002).

1. <u>Petitioner will Suffer Immediate, Irreparable Injury If This Temporary Restraining Order is Not Granted.</u>

If the temporary restraining order is not granted, irreparable harm will result to him. If Petitioner is required to report for active duty, it is inevitable that he will be given military orders that conflict with his conscientious objector beliefs. In this particular case, based upon his strongly held religious beliefs, Petitioner intends not to wear the military uniform, perform military duties, or accept military pay. Pet. ¶¶ 42-45. As a result, he will be subjected to disobeying orders resulting in almost certain severe criminal penalties. (Each disobedience of a direct order subjects a service member to a potential penalty of five years in prison for each

infraction and a federal felony conviction.) Thus, he will be persecuted for his conscientious objector beliefs.

The injury that Petitioner will suffer is also irreparable because without injunctive relief Petitioner will begin 48 months of active Army service immediately, and if his involuntary military service is ultimately found to have been improper, he will have no claim for damages. Patton v. Dole, 806 F.2d 24, 28 (2nd Cir. 1986) (injunctive relief granted against Navy and other officials where induction to active duty for 24 months constituted irreparable harm; finding that military personnel cannot sue for monetary or other damages).

Furthermore, petitioner's claims under the Fifth Amendment satisfy the requirement of irreparable harm. A showing of a possible violation of constitutional rights constitutes irreparable harm justifying a preliminary injunction. The Supreme Court held that when reviewing a motion for a preliminary injunction, if it is found that a constitutional right is being impaired or threatened, a finding of irreparable injury is mandated. Elrod v. Burns, 427 U.S. 347, 373 (1976). See also American Civil Liberties Union of Kentucky v. McCreary County, 354 F.3d 438 (6th Cir. 2003); Able v. United States, 847 F. Supp. 1038 (E.D. N.Y. 1994).

2. <u>The Balance of Any Harm Weighs in Favor of Petitioner.</u>

Harm, if any, to the respondents from granting a temporary restraining order will be miniscule, if any, while the harm to Petitioner is massive, as explained above. This Petitioner is a classic, pacifist CO, and if required to report for duty he will not perform services for the military. Therefore, his presence on active duty will not confer any benefit upon the military, and instead would confer an administrative and legal liability to the armed forces. The military is better off without Petitioner, a conscientious objector, in the ranks. <u>See</u> <u>Dougherty v. Hildalgo</u>, 539 F. Supp. 4,8 (D.C. Pa. 1981) (finding that there would be "no harm to anyone by granting a preliminary injunction" against military authorities ordering a Naval midshipman to immediately begin three years of active duty in the Navy).

3. <u>Petitioner Has Shown a Likelihood of Success on the Merits.</u>

To date, the military personnel involved in assessing Petitioner's application for discharge as a conscientious objector have supported Petitioner's application. There is no adverse recommendation against Petitioner's claim. The Chaplain, a Colonel in the Army, interviewed Petitioner, and found that Petitioner is sincere. Appx. 4-5. Likewise,

4

after hearing, the Army Hearing Officer found Petitioner to be sincere by clear and convincing evidence, and recommended Petitioner's discharge from the Armed Forces as a conscientious objector (1-0). Appx. 1-3. Thus, Petitioner enjoys a substantial likelihood of success on the merits of his Petition for Writ of Habeas Corpus.

Petitioner has met the long-established test for conscientious objector status. Petitioner has shown that he is conscientiously opposed to war in any form; that his opposition is based upon religious training and belief; and that his objection is sincere. Hager v. Secretary of the Air Force, 938 F.2d 1449, 1454 (1st Cir. 1991); Lobis v. Secretary of the United States Air Force, 519 F.2d. 304 (1st Cir. 1975); Walshe v. Toole, 663 F.2d 320 (1st Cir. 1981); Goldstein v. Middendorf, 535 F.2d 1339 (1st Cir. 1976); Armstrong v. Laird, 456 F. 2d 521, 522 (1st Cir. 1972); Borkenhagen v. Laird, 392 F. Supp. 637 (D. Mass. 1975); Solomon v. Seamans, 331 F. Supp. 1099 (D. Ma. 1971); Reinhold v. Schlesinger, 379 F. Supp. 638 (D. Ma. 1974); Silverman v. Laird, 339 F. Supp. 876, 878 (D. Ma. 1972). Here, there exists no basis in fact to deny Petitioner's claim for discharge; to the contrary, the Hearing Officer, who was selected by Army officials and appointed by a major general, Appx. 4, found that

Petitioner had demonstrated, by clear and convincing evidence, that Petitioner is a conscientious objector and meets <u>all</u> criteria for discharge from the armed forces as a conscientious objector (1-0 status). Appx. 3. Furthermore, the chaplain found that Petitioner is sincere. Appx. 5-6.

In addition, Petitioner enjoys the likelihood of success on his other claims. There is considerable evidence in this case that the military has violated its own regulations, and that military officials have intentionally and in bad faith purposefully delayed the processing of Petitioner's claim for discharge.

    4. <u>The Public Interest Will Not be Adversely Affected By the Granting of an Injunction.</u>

The public interest will not be adversely affected by the granting of an injunction. To the contrary, an injunction is in the public interest. An injunction will allow the status quo to be maintained while this litigation, in which Petitioner enjoys a substantial likelihood of success, can be resolved. Further, an injunction will serve to prevent irreparable harm to petitioner, while avoiding disruption in the armed forces.

II. <u>The Equities Are Stongly in Favor of Petitioner</u>

In addition to Petitioner meeting the standard for the granting of a temporary restraining order, the equities

weigh strongly in his favor. Here, the Army has intentionally and in bad faith delayed the processing of Petitioner's conscientious objector claim for more than eight months, while expediting Petitioner's orders to active duty. Thus the Army's hands are unclean.

WHEREFORE, for the above-stated reasons, and for any other reasons determined by the Court after hearing on this matter, Petitioner moves that a temporary restraining order issue forthwith.

>Respectfully submitted,
>
>LAWRENCE M. FRANOWICZ, M.D.
>
>By his attorney,
>
>*/s/ Louis P. Font*
>
>LOUIS P. FONT
>Mass. Bar. No. 173940
>FONT & GLAZER
>62 Harvard Street
>Suite 100
>Brookline, MA. 02445
>(617) 739-2300 (office)
>(617) 739-6196 (fax)

CERTIFICATE OF SERVICE

I hereby certify that a copy of the within Petitioner's Memorandum in Support of Motion for Temporary Restraining Order was served upon the Office of the United States Attorney, John Joseph Moakley U.S. Courthouse, Suite

7

9200, 1 Courthouse Way, Boston, Massachusetts 02210 by hand on the 20th day of July 2005.

*Louis P. Font*